DRITT, *Plaintiff in Error* v. SNODGRASS · *et al.*

1. **Power of School Directors to make Rules**: LIABILITY FOR ENFORCING THEM. The school law (Wag. Stat., p. 1264, § 8), provides that the board of directors "shall have power to make and enforce all needful rules and regulations for the government, management and control of such schools and property as they shall think proper * * not inconsistent with the laws of the land." A board of directors having made a rule that no pupil should, during the school term, attend a social party, the plaintiff, a pupil of the school, by the permission of his parents, violated the rule, and was expelled from the school for so doing. In an action against the directors to recover damages for the expulsion, *Held*, 1st, that under the law, they had the power to make needful rules for the government of pupils while at school, but no power to follow them home and govern their conduct while under the parental eye; that in prescribing the foregoing rule they had gone beyond their power, and had invaded the rights of the parents; but, 2nd, as there was no malice, oppression or willfulness on the part of the directors, they were not liable in damages.

2. **Pleading Malice.** In a case where malice is the gravamen of the action, the petition will be held bad on demurrer, if the facts as detailed in it show that there was no malice, notwithstanding it contains a general charge that defendant's acts were willful, malicious and oppressive.

*Error to Moniteau Circuit Court.*—Hon. George W. Miller, Judge.

*Rice & Walker* with *J. L. Smith* for plaintiff in error.

1. The privilege granted to the youth of this State by the statute, in obedience to the command of the constitution, (Art. 9, Sec. 1,) to receive instruction in our public schools, is a legal right, as much as any vested right in property. *Ward v. Flood*, 48 Cal. 36.

2. The law may be said to confer upon the school board general powers. They are ministerial officers clothed with discretionary powers partaking of a judicial character; but the law implies that all their acts, their rules and regulations for the government of the school under their charge, must be just and reasonable, and calculated to promote the general objects of the law. *Rulison v. Post*, 79 Ill. 567; *Hodgkins v. Rockport*, 105 Mass. 475; *Roberts v. Boston*, 5 Cush. 198; *Sherman v. Charlestown*, 8 Cush. 160; *Spiller v. Woburn*, 12 Allen 127.

3. It is charged in the petition, that the acts complained of were wrongfully, oppressively and maliciously done. The authority is overwhelming that ministerial officers, exercising discretionary powers, or acting in a judicial capacity, are liable for acts unlawfully done with corrupt motives and with malice. *Reed v. Conway*, 20 Mo. 23; S. C. 26 Mo. 25; *Wilkes v. Dinsman*, 7 How. 130, 131; *Jenkens v. Waldron*, 11 Johns. 121; *Vanderheyden v. Young*, 11 Johns. 150; *Martin v. Mott*, 12 Wheat. 31; *Dinsman v. Wilkes*, 12 How. 404; *Griffin v. Rising*, 11 Met. 339; *Stephenson v. Hall*, 14 Barb. 222; *Donahoe v. Richards*, 38 Me. 394; *Schoettgen v. Wilson*, 48 Mo. 253; *McCutchen v. Windsor*, 55 Mo. 153.

4. The plaintiff was not expelled for any act done in the school, or while said school was in session, or at any time when he was under the control of the school officers; but he was expelled because he had attended a social party,

at night and after school hours, and this with the consent of his parents with whom he then resided. Upon this point we urge that the said school board and teacher, in expelling him for the cause alleged, acted · unlawfully, without any authority, and wholly beyond the scope of their jurisdiction. *Morrow v. Wood*, 35 Wis. 59; *Murphy v. Board of Directors*, 30 Iowa 429; *Weaver v. Devendorf*, 3 Denio 120; *Reed v. Conway*, 20 Mo. 52.

*Draffen & Williams* with *James E. Hazel*, for defendants in error.

1. The board of directors were authorized to make the rule complained of, and for the enforcement thereof they cannot be made liable in damages. Wag. Stat. 1264, § 8; *Donahoe v. Richards*, 38 Me. 376.

The rule is in no manner inconsistent with the law of the land, and its propriety and reasonableness within that limit was confided by the Legislature to the discretion of the school board. It contravenes no law of the State, written or unwritten, and the wisdom of its enforcement is left to the judgment of the board. Courts will not undertake to revise and review the rules adopted for the government of schools by the proper officers. The law has confided that duty to them, and they alone can exercise it. Nor can any one under our system of government suffer long from the enforcement of any regulation which the community believes to be unwise, for by the power of election a change can be made whenever the public are displeased, and in this way any evil complained of should be corrected, and to this tribunal all such questions should be remanded. If, however, it was within the province of the courts to review and pass upon the reasonableness of the rule in question, we insist that it was an eminently wise and proper one, and instead of being a ground for complaint against the defendants, it should be a matter of commendation to them for their interest in the welfare of their scholars.

2. Even if it should be held that defendants had no power to make the rule in question, yet they were acting as *quasi* judicial officers and for errors of judgment are not liable to an action for damages. True, the petition uses the words "willfully, maliciously and oppressively," but the facts are stated in detail, and they negative the idea of malice. The rule is set out, and the only complaint is that it was enforced. It is not charged that it was maliciously made, or that it was made for the purpose of excluding plaintiff, but on the contrary, that it was made for the government of the whole school.

HENRY, J.—The cause was commenced and final judgment entered upon demurrer to second amended petition in the circuit court of Moniteau county, Missouri. The record consists of the second amended petition, the separate demurrer of Snodgrass and Redmond, and the separate demurrer of Frederick, and the judgment of the court upon the demurrers.

The petition avers that Joseph F. Dritt is a minor, under 21 years of age—that John B. Dritt was appointed his next friend by the clerk of the circuit court of said county; hence this suit is prosecuted to the use of Joseph F. Dritt, by his next friend, John B. Dritt. The petition further avers that prior to the accruing of plaintiff's cause of action the town of Tipton, in said county, had been duly incorporated, and a plat thereof filed and duly recorded in the recorder's office of said county; and that prior to the accruing of plaintiff's cause of action, by virtue of the laws of the State of Missouri authorizing cities, towns and villages to organize for school purposes, the said town of Tipton was organized as a single school district, and that it has been to this date an acting organization as such; that on, to-wit, the 20th day of January, 1875, and for a long time prior and since that date, the defendants, Isaac Snodgrass and William Redmond, together with four other persons, each of whom, then being citizens and electors

within said school district, were duly elected and qualified school directors within said school district, and that they were for the period aforesaid the school directors of said school district; that the said school directors, by virtue of the power and authority in them vested by law, had, prior to the date last aforesaid, established in said school district a school for the education of all the white children residing therein, between the ages of five and twenty-one years, and had employed as the teacher of said school, the defendant, P. A. Frederick, and that the said P. A. Frederick was a legally qualified teacher to teach said school; that for a long period of time prior and subsequent to the date last aforesaid, the said school was in session with the said P. A. Frederick as teacher therein, for the purpose of the instruction and education of the youth aforesaid within said school district, in the branches of education then being taught in said school, to-wit: reading, writing, spelling, orthography, grammar, geography, arithmetic and history; that at the date last aforesaid, and during all the time subsequent thereto to this date, plaintiff has resided in said school district; that he was during all the time aforesaid, and is now, over 5 and under 21 years of age; and that he was then and is now, under the law, entitled to attend said school as a pupil, and be instructed in the various branches of education then and there being taught in said school; that prior to the date aforesaid, and for a long period of time, and up to the said 20th day of January, 1875, he was a regular pupil and scholar in said school, and received instruction in the various branches of education aforesaid; that under the law of the State he had a right to continue in said school as a pupil, and that it was not only the duty of the directors to permit him to attend said school during all the time aforesaid, but to protect him in so doing; that on, to-wit, the 20th day of January, 1875, and while he was a pupil of said school and being instructed in the several branches of learning then being taught therein, the said Isaac Snodgrass and William Redmond, together with

the other members of the school board aforesaid, and the said P. A. Frederick, teacher of said school, not regarding their duties aforesaid, wrongfully, illegally, oppressively, willfully and maliciously, and in abuse of their authority as school directors and teacher aforesaid, did expel this plaintiff from said school for the following reason, and none other, to-wit:   That the said plaintiff did, previous to the date aforesaid, in the evening, after said school had been dismissed for the day, attend a party composed of the young people of said town, and participate in the amusements thereof; that the said board of directors and teacher of said school had made a rule for the government of said school, prohibiting the scholars from attending such parties during the continuance of said school, and that it was for a violation of this rule that he was expelled; that the said party was made up of invited guests, and that their conduct was strictly innocent, inoffensive and moral, tending only to social culture; that plaintiff was at the time about 17 years of age, and that he attended said party with the permission of his father and mother, with whom he at the time lived; that he had a right to attend said party, and that the defendants had no right or authority to dictate to or control him in the premises, and that the act aforesaid of said defendants, was an abuse of any authority conferred upon them by the laws of this State; that the defendants have in manner and form aforesaid, ever since, to this date, prohibited the plaintiff from attending said school, whereby the plaintiff, by the illegal, unlawful, willful. oppressive and malicious acts of defendants, has been deprived of the benefits of said school, and the instruction aforesaid therein, and asks damages in the sum of $1,000.   The petition is signed by Joseph F. Dritt, by Rice and Smith, his attorneys.

The grounds of demurrer are, for Snodgrass and Redmond:

1st.   Petition does not state facts sufficient to constitute a cause of action.

2nd. It appears upon the face of said petition that the defendants were directors of said school district, and were invested with discretionary authority to make and enforce all needful rules and regulations for the government and control of said school, and they cannot be made liable to plaintiff under the allegations of the petition.

3rd. Because it appears upon the face of the petition that the plaintiff has not legal capacity to sue by attorney, and he does not appear by next friend.

Grounds of demurrer on the part of Frederick:

1st. Petition does not state facts sufficient to constitute a cause of action against defendant.

2nd. It appears upon the face of said petition that the defendant was the teacher in the public school in the town of Tipton, employed by the board of education of said town, and as a matter of law he is not liable to plaintiff upon the facts stated in the petition—said school being under the control and management of the board of education, and not of himself.

3rd. It appears upon the face of the petition that plaintiff has not legal capacity to sue by attorney, and he does not appear by next friend.

The court sustained each of said demurrers, and entered up final judgment thereon against the plaintiff for costs; whereupon the plaintiff brings the cause to this court by writ of error.

By Sec. 8, Wagner's Stat., page 1264, it is provided, that the board of directors "shall have power to make and enforce all needful rules and regulations for the government, management and control of such schools and property, as they shall think proper, so that the same shall not be inconsistent with the laws of the land; and, generally, to do all lawful acts which may be proper and necessary to carry fully into effect the purposes of the act." It appears, in this case, from the petition, that the directors had made a rule for the government of said school, prohibiting its pupils from attending social parties; that the plaintiff

had violated said rule, with the consent of his father and mother, and for so doing was expelled from the school, and he seeks to recover damages against the teacher and a portion of the directors for such expulsion. Is the action maintainable? Plaintiff cites many authorities as sustaining his position, and we have carefully examined them, and also those cited by the defendant, and are fully satisfied that the weight of authority is against the plaintiff.

School directors are elected by the people, receive no compensation for their services, are not always, or frequently, men who are thoroughly informed as to the best modes of conducting schools. They are authorized, and it is their duty to adopt reasonable rules for the government and management of the school, and it would deter responsible and suitable men from accepting the position, if held liable for damages to a pupil expelled under a rule adopted by them, under the impression that the welfare of the school demanded it, if the courts should deem it improper. They are to determine what rules are proper, and who shall say that the rule adopted in this case was harsh and oppressive? I might think it was; wiser men would maintain that it was proper and right, that pupils attending social parties are liable to have their minds drawn off from their studies, and thus to be retarded in their progress; but whether the rule was a wise one or not, the directors and teacher are not liable to an action for damages for enforcing it—even to the expulsion of a pupil who violates it. While this court might, on mandamus to compel the board and teacher to admit a pupil thus expelled, review the action of the board, and pass upon the reasonableness of the rule, which we do not, however, decide here, yet the doctrine that the courts could do this, is very different from that which would hold the directors liable in an action for damages for enforcing a rule honestly adopted for the maintenance of discipline in the school. That such an action is not maintainable, is fully established by *Donahoe v. Richards*, 38 Me. 391; *Spear v. Cummings*, 23 Pick.

224; *Stephenson v. Hall*, 14 Barb. 222. *Hodgkins v. Rockport*, 105 Mass. 475, does not support the position for which it is cited by plaintiff. By the law of that State, the school committee has the general charge and superintendence of all the public schools in the town. The plaintiff, a minor, was excluded from school for alleged misconduct, and sued to recover damages for such exclusion.

Morton, J., speaking for the court, said: "This general power, (to superintend schools, &c.,) by necessary implication, includes the power to make all reasonable rules and regulations for the discipline, government and management of the schools, and also the power to exclude a child from school for sufficient cause. And when a scholar is guilty of misconduct, which injuriously affects the discipline and management of the school, we think the law vests in the school committee the power of determining whether the welfare of the school requires his expulsion." Again, he said: "He was guilty of acts of misconduct, which, if persisted in, it is clear might seriously interfere with the discipline, and impair the usefulness of the school. Whether they had such an effect upon the welfare of the school as to require his expulsion, was a question for the committee, and upon which their action is conclusive."

The case of *Morrow v. Wood*, 35 Wis. 61, involved no principle in question here. It was an action for malicious prosecution, by a teacher, against the parent of a pupil whom she had flogged for having her arrested for an assault and battery upon the child. The court held that the assault and battery was unjustifiable, and that, therefore, she could not maintain her action. Certain studies are required to be taught in the public schools of that State by statute, but the court held, as a matter of law, that the father "had a right to make a reasonable selection from the prescribed studies for his child to pursue, and this can not possibly conflict with the equal rights of other pupils." There the father desired his child not to study geography.

The plaintiff (the teacher) required the boy to study geography, being fully advised that his father had forbidden the son from doing so. The boy refused to obey her in this respect, and for this was flogged. *Murphy v. The Board of Directors*, 30 Iowa 430, was a proceeding by mandamus to compel defendant to allow plaintiff to attend school, and is no authority for the doctrine that a board, of school directors is liable in damages for the expulsion of a pupil for a violation of a rule adopted by the board for the government of the school. While some respectable courts have held otherwise, the weight of authority sustains the conclusion we have reached.

In *Dinsman v. Wilkes*, 12 Howard 404, Ch. J. Taney, delivering the opinion of the court, said: "But the fact to be ascertained in this case is whether, in the exercise of that discretion and judgment with which the law clothed him for the time, and which is in the nature of a judicial discretion, he acted from improper feelings, and abused the power confided to him, to the injury of the plaintiff."

In *Weaver v. Devendorf*, 3 Denio 118, plaintiff sued a board of assessors for refusing to make an allowance or deduction in assessing his property, he being a minister, and because his property was assessed at a higher rate than that of others. The court held that the action would not lie, and Beardsly, J., said: "This case might be disposed of on narrow ground, for there was no evidence to justify the conclusion that the defendants acted maliciously in fixing the value of the property of the plaintiff, or of any one else; and surely it will not be pretended that they were liable for a mere error of judgment. But I prefer to place the decision on the broad ground that no public officer is responsible, in a civil suit, for a judicial determination, however erroneous it may be, and however malicious the motive which produced it."

We extract copiously from these cases because they are cited by plaintiff's counsel as sustaining their view,

while we think that they afford them no support whatever.

The petition alleges that the defendants illegally, wrongfully, oppressively, willfully and maliciously, expelled the plaintiff, and then proceeds to state the circumstances under which the expulsion took place, viz : the existence of the rule, and plaintiff's violation of it. The adoption of the rule is not alleged to have been prompted by malice, and if the plaintiff violated the rule, it matters not what may have been the feelings of the defendants toward him, if they enforced it in the usual and ordinary way, and the contrary is not alleged. While malice is alleged, the facts stated in the petition show that there was no such malice as gave plaintiff a cause of action against defendants for his expulsion.

We are not to be understood as holding that a board could not adopt a rule for the enforcement of which they would be liable for damages. If they should declare that for certain misconduct the teacher should inflict upon the bare back of the pupil thirty-nine lashes, well laid on, or any other rule palpably unreasonable and unauthorized, they probably could not shield themselves against an action for damages by a pupil, under the power given them to adopt reasonable rules for the government of the school. But even this we will not now decide, for " sufficient unto the day is the evil thereof."

The judgment is affirmed.

AFFIRMED.

NORTON, J., CONCURRING.—The directors of a school district are invested with the power and authority to make and execute all needful rules and regulations for the government, management and control of such school as they may think proper, not inconsistent with the laws of the

land.   Under the power thus conferred,·the directors are not authorized to prescribe a rule which undertakes to regulate the conduct of the children within the district, who have a right to attend the school, after they are dismissed from it and remitted to the custody and care of the parent or guardian.   They have the unquestioned right to make needful rules for the control of the pupils while at school, and under the charge of the person or persons who teach it, and it would be the duty of the teacher to enforce such rules when made.   While in the teacher's charge, the parent would have no right to invade the·school room and interfere with him in its management.   On the other hand, when the pupil is released and sent back to his home, neither the teacher nor directors have the authority to follow him thither, and govern his conduct while under the parental eye.

It certainly could not have been the design of the Legislature to take from the parent the control of his child while not at school, and invest it in a board of directors or teacher of a school.   If they can prescribe a rule which denies to the parent the right to allow his child to attend a social gathering, except upon pain of expulsion from a school which the law gives him the right to attend, may they not prescribe a rule which would forbid the parent from allowing the child to attend a particular church, or any church at all, and thus step *in loco parentis* and supersede entirely parental authority?   For offenses committed by the scholar while at school, he is amenable to the laws of the school; when not at school, but under the charge of the parent or guardian, he is answerable alone to him.

A person teaching a private school may say upon what terms he or she will accept scholars, and may demand, before receiving a scholar to be taught, that the parents shall surrender so much of his or her parental authority as not to allow the scholar, during the term, to attend social parties, balls, theaters, &c., except on pain of expulsion.   This would be a matter of contract, and no

one has a right to send a scholar to such a school except on the terms prescribed by those who teach it.

This is not so in regard to public schools, which every child within school age has a right, under the law, to attend, subject while so attending to be governed by such needful rules as may be prescribed. When the school room is entered by the pupil, the authority of the parent ceases, and that of the teacher begins; when sent to his home, the authority of the teacher ends, and that of the parent is resumed. For his conduct when at school, he may be punished or even expelled, under proper circumstances; for his conduct when at home, he is subject to domestic control. The directors, in prescribing the rule that scholars who attended a social party should be expelled from school, went beyond their power, and invaded the right of the parent to govern the conduct of his child, when solely under his charge.

My concurrence in the above opinion is based upon the sole ground that malice, oppression and willfulness on the part of the defendants are not sufficiently charged in the petition.

Judges NAPTON, HOUGH and C. J. SHERWOOD concur in the views above expressed.