### KAUGHRAN v. KAUGHRAN et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

PLEADING—COMPLAINT—DEFENDANT SUED IN TWO CAPACITIES—DEMURRER AND ANSWER.

Where a complaint against one as an executor and also as a trustee under the will was for the recovery of a sum received by testator for a certain use, but not expended at his death, and the complaint showed no facts raising a liability on defendant's part as trustee, it was proper for him to answer as executor and demur as trustee.

Appeal from special term, New York county.

Action by Anabella M. Kaughran against Thomas P. Kaughran and others, as administrators and testamentary trustees. From an order striking out the demurrer of defendant Margaret Donnelly, she appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. R. Donnelly, for appellant.
W. P. Burr, for respondent.

PATTERSON, J. This action is at law upon a money demand for a specific sum, which the plaintiff claims as a balance of an amount received by the defendants' testator, to be used for a particular purpose, and which balance, having been unexpended by the testator, was,

at the time of his death, justly due and owing by him to the plaintiff. It is alleged in the complaint that the defendants are the executors of the last will and testament of the testator, and also trustees of a trust therein and thereby created. Margaret Donnelly, one of the executors and trustees, interposed an answer as executrix and a demurrer as trustee. They were separate pleadings, but they are not set out in the record before us. The plaintiff moved for an order striking out either the demurrer or answer, or to compel the defendant Margaret Donnelly to elect whether she would rely upon her demurrer or her answer as a sole pleading to the complaint. The motion was opposed, but the special term struck out the demurrer interposed by the appellant as trustee, on the ground that but one cause of action is set out in the complaint, and that no occasion appears for the demurrer of Donnelly as trustee. Striking out pleadings is a matter regulated by the Code of Civil Procedure, and our attention has not been called to any provision therein which authorizes the striking out of this demurrer on the ground stated by the court below. There is but one cause of action in the complaint, but it is against defendants, each sued in two entirely different capacities. Primarily, the claim asserted in the complaint is one against executors, and an issue of fact arising on the complaint could only be framed by the interposition of an answer. There is nothing on the face of the complaint to indicate liability of Margaret Donnelly as a trustee, nor anything to charge a liability upon a trust fund or estate. An issue of law may be raised by demurrer. It is the appropriate pleading, and, where the trustee is sought to be charged as such, it is competent to raise the question of the insufficiency of the complaint by a demurrer. The two relations in which the defendant Margaret Donnelly stands to the subject-matter of the action are as independent as if the suit had been brought against her both individually and in a representative capacity. She might be liable in the former, and entirely free from liability in the latter, relation. While it seems that a defendant is not entitled, as matter of right, to serve both a demurrer and an answer to the same cause of action (Cashman v. Reynolds, 123 N. Y. 138, 25 N. E. 162), yet where a suit is so framed that the same defendant is sought to be charged in two utterly distinct relationships, in one of which liability dependent upon facts may exist, and in the other, as matter of law, liability does not and cannot exist, separate pleading appropriate to each situation is not prohibited.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.