# RUEBSAM, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 29, 1904.**

1. **PLEADING: Statement of Cause: Statutory Requirement.** The requirement of the code, section 592 of the Revised Statutes of 1899, that a plaintiff's petition shall contain a plain and concise statement of the facts constituting his cause of action, does not affect the fundamental requirements of good pleading, but only the form of such pleading.

2. **PRACTICE: Ambiguous Petition: Waiver.** After overruling of defendant's motion to make an obscure petition more definite and certain, and tendering a bill of exceptions to the ruling, the infirmity in the petition is not waived by answering and going to trial.

3. ———: **Carriers of Passengers: Ejecting Passenger: Repugnant Theories.** In an action against a street railway company by a passenger, for injuries caused by unnecessary force in ejecting him from the car for non-payment of his fare, it was error to authorize a recovery, if the jury should find that the conductor carelessly or wantonly injured him, carelessness and wantonness being inconsistent with each other.

4. ———: ———: ———: **Negligence.** A cause of action stated, for wanton expulsion is at variance with want of care, and a recovery can not be predicated upon carelessness.

5. ———: ———: ———: **Assault and Battery.** But if plaintiff was ejected with needless violence by the conductor, an assault and battery was committed for which the street railway company was liable.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* for appellant.

(1) The court erred in overruling the motion of the defendant to make the amended petition more definite and certain. Lappington v. Jeffries, 15 Mo. 574; Atteberry v. Powell, 29 Mo. 429. (2) The court erred in giving the following instruction for plaintiff: "If the jury find from the evidence that plaintiff refused to pay his fare to the conductor of the Fourth street car on which he was riding, and mentioned in the evidence, when requested so to do, the conductor had the right to stop the car and eject him from the same, using only the necessary force to do so. Yet, if you shall find from the evidence that the conductor in charge of said car, in putting plaintiff off from the same, used unnecessary force, and carelessly or wantonly threw or pushed plaintiff off from the car and thereby injured him, your verdict must be for plaintiff." Such instruction presupposed a cause of action inconsistent with that alleged in the petition. Wright v. Fonda, 44 Mo. App. 634; Moffatt v. Conklin, 35 Mo. 455; Iron Nat. Bank v. Murdock, 62 Mo. 73; Glass v. Galvin, 80 Mo. 302; Fulkerson v. Thornton, 68 Mo. 469; Nugent v. Carson, 77 Mo. 328; Hassett v. Rust, 64 Mo. 328.

*H. A. Yonge* for respondent.

(1) It is the law that in effecting the removal from its cars of one who has forfeited the right to ride thereon, the carrier may use only that degree of force which is necessary for that purpose, and if the conductor exercises this right in an improper manner, the company is liable. Perkins v. Railway, 55 Mo. 201; Travis v. Railway, 63 Mo. 421; Brown v. Railway, 66 Mo. 588. (2) There was no variance unless the finding of the jury was for a different cause of action, and if there was, it is wholly immaterial if it did not mislead the defendant. R. S. 1899, sec. 655; Murphy v.

Price, 48 Mo. 250; Slevin v. Reppy, 46 Mo. 606; Erfort v. Consalus, 47 Mo. 209; Wells v. Sharp, 57 Mo. 56.

STATEMENT.

In this action, after formal allegations of defendant's corporate existence as a common carrier, the petition charged that at about seven o'clock p. m. of April 2, 1903, plaintiff got on a car of defendant at Sixth and Pine streets, in the city of St. Louis, to travel thereon to his destination, Arsenal street and January avenue, and upon entering such car paid to the conductor in charge the sum of five cents, the usual and regular fare for a continuous passage; that such car proceeded to a point near the new city hospital, where it was stopped by a blockade and plaintiff with other fellow passengers was transferred to the Fourth street line operated by defendant; that after he had entered the Fourth street car and was lawfully on such car, the conductor in charge assaulted him, catching him with both hands by his wrists and unlawfully, wrongfully and forcibly dragged him to the rear platform of the car and stopped the car and with great force and violence threw plaintiff off the car, causing him to strike the street with great force and violence to his serious injury as detailed. The petition further set forth that at the time the said assault was unlawfully made on plaintiff by said conductor, plaintiff was lawfully on the car, deporting himself in a peaceable and orderly manner, and had paid his fare for a continuous passage on defendant's line of railway, and was in exercise of ordinary care, and that the injuries received by plaintiff were directly caused by the unlawful, wrongful and wanton acts of defendant by its agent and servant in charge of such car. Defendant assailed this pleading by a motion to make more definite and certain that portion which recited that when

the car on which plaintiff had taken passage reached a point near the city hospital, the car was blockaded and he was transferred to the Fourth street line operated by defendant, on the ground that such paragraph failed to inform defendant at whose direction or by whose request he was transferred to the Fourth street line, and was so indefinite as not to advise defendant, whether plaintiff had received from defendant a transfer ticket on said first car entitling him to ride on said Fourth street line; also asking the court to require plaintiff to make more definite and certain that portion of his petition wherein he charged, that after he had entered the car of the Fourth street line and repeated that he was lawfully on such car, assigning that such allegations were vague, indefinite, mere conclusions of the pleader and the facts upon which such conclusions were based should be pleaded. The court overruled the application and the defendant first tendering a bill of exceptions to such ruling, answering, denying generally and for affirmative defense averring, that after plaintiff boarded its car the conductor in charge, whose duty it was to collect fares from persons riding thereon, requested of plaintiff payment of the regular fare or that he give such conductor a transfer check entitling plaintiff to be transported, that plaintiff refused to comply with either request and was informed by the conductor that unless he paid his fare in one or the other method he would have to leave the car; that plaintiff continued to refuse either to leave the car or pay his fare, but unlawfully remained on the car without leave or license of defendant and thereupon the conductor ejected him from the car, employing no more force than was reasonably necessary to accomplish that end. Plaintiff by his reply denied the allegations of the answer, a trial was had before a jury, and from verdict and judgment against it, defendant has appealed.

REYBURN, J. (after stating the facts).—1. In a recent case this court, arraying the authorities in this State, observed that they are not in harmony whether the infirmity of which the declaration in this cause was charged, is waived by the moving party not standing on his motion and pleading over, but that it appeared the last utterances of the Supreme Court on the subject justified the position assumed by defendant. Sommers v. St. Louis Transit Co., 108 Mo. App. 319, 83 S. W. 278. The sufficiency of a pleading, however, is to be tested by the code provisions and the first pleading of a plaintiff is thereby required to contain a plain and concise statement of the facts constituting the cause of action without unnecessary repetition (R. S. 1899, sec. 592); and the liberal construction to be indulged in favoring the pleading under the statute does not affect the fundamental requirements of good pleading but the form of such pleading. R. S. 1899, sec. 629; Sidway v. Land Co., 163 Mo. loc. cit. 373, 63 S. W. 705. The defendant resorted to the proper remedy under the statute to have plaintiff's insufficient pleading reformed; the allegations at which the motions were levelled, were defective, being obscure, indefinite and legal deductions, and defendant was entitled to have the precise facts related, descriptive with reasonable particularity and certainty of the manner in which the transfer to the second car was effected and also setting forth the facts under which plaintiff claimed to be lawfully upon such car. McQuillin, Pleading and Practice, sec. 463; Spurlock v. Railway, 93 Mo. 530, 5 S. W. 15; Watkins v. Donnelly, 88 Mo. 322; Atteberry v. Powell, 29 Mo. 429; Baker v. Raley, 18 Mo. App. 562; State v. McHale, 16 Mo. App. 478.

2. The following instruction was given at plaintiff's instance:

"If the jury find from the evidence that plaintiff refused to pay his fare to the conductor of the Fourth

street car on which he was riding, and mentioned in the evidence, when requested to do so, the conductor had the right to stop the car and eject him from the same, using only the necessary force to do so. Yet, if you shall find from the evidence that the conductor in charge of said car, in putting plaintiff off from the same car, used unnecessary force, and carelessly or wantonly injured him, your verdict must be for plaintiff.''

This instruction, additional to the infirmity of commingling the repugnant theories of carelessness and wantonness, authorized the jury to return a verdict for plaintiff, if the conductor carelessly threw or pushed him from the car; the petition embraced no charge of want of care by the conductor, but on the other hand pleaded that plaintiff's expulsion was wantonly effected, a theory excluding and at variance with want of care in the act complained of. The allegations of plaintiff to the effect that with copassengers he had been transferred to the Fourth street line; that he had entered a car of the last-named line and reiterating that he was lawfully on such car, that defendant's conductor catching him with both hands assaulted him, unlawfully and forcibly, had dragged him to the rear platform and with great force and violence had ejected him from the car, and repeating that at the time such assault was unlawfully made by the conductor, plaintiff was lawfully on the car and demeaning himself in peaceable and orderly manner, and that the injuries received were directly caused by the unlawful, wrongful and wanton acts of defendant's servant, collectively and singly set forth a state of facts, which if legally established, exhibited a right of action for a tortious ejection from the car. The essence of his cause of action was the unlawful manner of his ejection from the car, if the conductor resorted to an unnecessary degree of force and violence in expelling him from the car or wantonly had thrown or pushed him from the

car. The testimony established that if plaintiff had any right of action, it resulted from his ejection from the car, with more force than was needed to attain the lawful purpose of putting him off the car after his persistent declination to pay fare; if needless violence was done plaintiff in excluding him from the car, an assault and battery was committed by the conductor for which defendant would be liable (Ickenroth v. Transit Co., 102 Mo. App. 597, 77 S. W. 162); such issue of fact was properly submitted to the jury under the evidence in the case; but for the errors indicated the judgment must be reversed and the cause remanded. It is so ordered. All concur.