SHERIDAN v. TUCKER.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. PLEADING (§ 411*)—REPLY TO COUNTERCLAIM—MOTION TO STRIKE—WAIVER.
   Code Civ. Proc. § 514, provides that, where an answer contains a counterclaim, plaintiff, if he does not demur, must reply to the counterclaim, and section 515 provides that, if plaintiff fails to reply or demur to the counterclaim, defendant may apply on notice for judgment thereon. Held, that, where defendant's answer contained a counterclaim and special matter in defense, plaintiff by replying to the counterclaim was not deprived of the right to move to strike the special matter of defense as irrelevant and scandalous by General Practice Rule 22, requiring such motions to be noticed before demurring or answering the pleading, such rule being intended only to prevent inconsistent proceedings in the action.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1384, 1385; Dec. Dig. § 411.*]

2. STIPULATIONS (§ 14*)—PLEADINGS—TIME TO REPLY OR DEMUR.
   Where a stipulation provided that plaintiff's time to reply or demur to any of the defenses set up in the answer served, which contained a counterclaim and special matter in defense, and to make any motion with reference to the answer, should be extended 15 days from December 16, 1909, in case defendant should elect not to serve an amended answer, no amended answer having been served, plaintiff was entitled to reply to defendant's counterclaim and to make any proper motion respecting the other defenses set up in the answer within the time specified.
   [Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.*]

3. PLEADING (§§ 22, 23*)—IRRELEVANT AND SCANDALOUS MATTER.
   Consolidated Tax Law (Consol. Laws, c. 60) § 272, provides that any person who shall make a transfer of stock without paying the transfer tax and affixing the required stamps to the stock, bill, or memorandum shall be guilty of a misdemeanor, and subject to a civil penalty. Section

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

278 declares that no transfer of stock made after June 1, 1905, on which a tax is imposed and which is not paid at the time of the transfer, shall be the basis of any action or legal proceeding, nor shall proof thereof be offered or received as evidence in any court in the state. *Held*, that where plaintiff sued for a balance due on a sale of certain shares of corporate stock, made June 16, 1909, a defense alleging that the transfer tax had not been paid thereon was neither irrelevant nor scandalous.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. §§ 22, 23.*]

Appeal from Special Term.

Action by Martin Sheridan against Benjamin M. Tucker. From an order denying plaintiff's motion to strike from defendant's answer, certain allegations alleged to be irrelevant and scandalous, solely on the ground that the application was made in violation of General Practice Rule 22, plaintiff appeals. Affirmed without costs.

The action was commenced by the service of a summons and complaint on the 16th day of June, 1909, to recover a balance alleged to be due and owing to the plaintiff from the defendant because of the sale and delivery by the plaintiff to the defendant of 27 shares of the capital stock of the Standard Electrical Construction Company. A demurrer was served to the original complaint on October 21, 1909. Thereafter, and on November 9, 1909, an amended complaint was served. An answer to the amended complaint was served November 26, 1909. On December 16, 1909, a stipulation was signed extending plaintiff's time to reply or demur to any of the defenses set up in the answer served or to make any motion in reference to said answer to December 31, 1909. On December 31, 1909, a motion was made by the plaintiff to strike out of the third subdivision in the defendant's answer the words "by reason thereof this plaintiff became, was, and still is guilty of a misdemeanor, and became, was, and still is liable to a penalty in a civil action for $500.00," on the ground that such words were irrelevant and scandalous. At the same time that such motion was made the plaintiff served a reply to the counterclaim set up in defendant's answer. As above stated, such motion to strike out was denied solely on the ground that it was made in violation of rule 22 of the general rules of practice, and presumably on the theory that by serving a reply the plaintiff had waived his right to make such motion.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Cogswell Bentley, for appellant.
George S. McMillan, for respondent.

McLENNAN, P. J. The answer served by the defendant in its first subdivision admits certain allegations contained in the amended complaint. In the second subdivision defendant "denies each and every other allegation in said complaint contained, not hereinbefore or hereinafter admitted, qualified, explained, or denied." The third subdivision, in which is contained the alleged irrelevant and scandalous matter, is as follows:

"For a separate defense the defendant alleges that on or about the 20th day of March, 1907, the plaintiff assigned and delivered to the defendant said 27 shares of the capital stock of said Standard Electrical Construction Company, but the plaintiff, in violation of the statute in such case made and provided, did not pay, at the time of said transfer, the tax of two cents per share upon each of said 27 shares of said capital stock, and did not affix to the certificate of stock by which such transfer was effected, the

adhesive stamp or stamps required by the statute, and by reason thereof this plaintiff became, was, and still is guilty of a misdemeanor, and became, was, and still is liable to a penalty in a civil action for $500, and the said pretended transfer was and is illegal, void, and of no effect."

By the fourth subdivision of the answer the defendant sets up a counterclaim to the cause of action set forth in the complaint.

Rule 22 of the General Rules of Practice provides:

"Motions to strike out irrelevant matter; notice of. Motions to strike out of any pleading matter alleged to be irrelevant, redundant or scandalous, and motions to correct a pleading * * * must be noticed before demurring or answering the pleading and within twenty days from the service thereof. The time to make such motion shall not be extended unless notice of an application for such extension, stating the time and place thereof, of at least two days shall be given to the adverse party."

Section 514 of the Code of Civil Procedure provides:

"Where the answer contains a counterclaim, the plaintiff, if he does not demur, may reply to the counterclaim. The reply must contain a general or specific denial of each material allegation of the counterclaim, controverted by the plaintiff. * * *"

Section 515 of the Code provides:

"If the plaintiff fails to reply or demur to the counterclaim, the defendant may apply, upon notice, for judgment thereupon. * * *"

The reply served in this case denied all facts tending to establish the defendant's counterclaim, and it was necessary that the plaintiff should so reply in order to avoid judgment being taken against him upon such counterclaim, unless he procured an order extending his time to reply. Having replied under such circumstances, he was not thereby deprived of his right to move to strike out any irrelevant and scandalous matter contained in the answer which was in no way connected with such counterclaim. It was not the intention of the rule in such case to prevent a plaintiff from making a motion like the one at bar because he served a reply to the counterclaim, which was necessary in order to protect his rights.

The purpose of the rule is to prevent an inconsistent proceeding in an action. In other words, if a defendant serves an answer to a complaint stating a single cause of action, he is deemed to have waived all irregularities contained therein, but, in order that subsequent proceedings may be a waiver of prior irregularities, the subsequent proceedings must be such, or done under such circumstances, as to justify a logical inference of an intention to waive. No such intention can be inferred from the conduct of the plaintiff in this case. In the case of Kaughran v. Kaughran, 73 App. Div. 150, 76 N. Y. Supp. 754, where a party was sued individually and in a representative capacity, it was held that it was proper to answer in one capacity and demur in the other.

We think the ground upon which the motion was denied was also untenable because of the stipulation which was entered into by the parties. The stipulation provided that the plaintiff's time to reply or demur to any of the defenses set up in the answer served and to make any motion in reference to said answer be extended 15 days from the 16th day of December, 1909, in case the defendant should elect not

to serve an amended answer. No amended answer was served, and it would seem clear that, by the terms of the stipulation, the plaintiff had a right to reply to defendant's counterclaim and to make any proper motion respecting the other defenses set up in the answer.

We think, however, that the motion was properly denied, because the words sought to be stricken out of subdivision 3 of the answer, when taken in connection with the context, were not irrelevant or scandalous. By such paragraph the pleader only alleged, in substance, that the plaintiff had failed to affix stamps to the transfer of the stock in question, and practically only stated the statutory effect of such omission. The allegations of paragraph 3 are, in effect, that the plaintiff failed to affix stamps to the certificate of transfer of the stock in question in violation of the provisions of the tax law, stating the substance of such law. If the answer had alleged that the plaintiff had violated the provisions of the tax law and then had quoted the law, and had alleged that, by reason of such violation, the transfer was null and void, it could not be claimed, if such allegation constituted a defense to the plaintiff's cause of action, that it could have been stricken out as irrelevant and scandalous.

Section 272 of the consolidated tax law (Consol. Laws, c. 60) provides:

"Any person or persons who shall make any sale or transfer without paying the tax by this article imposed or who shall in pursuance of any sale or agreement deliver any stock, or evidence of the sale of or agreement to sell any stock or bill or memorandum thereof, without having the stamps provided for in this article affixed thereto, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not less than five hundred nor more than one thousand dollars, or be imprisoned not more than six months, or by both fine and imprisonment at the discretion of the court."

Section 277 provides for the recovery by the people of the state of a civil penalty of $500 in case of such violation.

If the foregoing were the only provisions of law relating to the subject, it might be well urged that it was irrelevant, as it constituted no defense to plaintiff's alleged cause of action. But section 278 of the consolidated tax law provides:

"No transfer of stock made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid at the time of such transfer, shall be the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this state."

Under such circumstances, we think the defendant had a right to set up the fact that plaintiff did not pay the tax upon the transfer of the stock to show all the circumstances connected with that transaction, and, while upon this appeal we do not pass upon the question as to whether or not the allegations contained in the third paragraph of the answer constituted a defense to plaintiff's cause of action, such defense in the answer not having been demurred to, we think it cannot be said that it is irrelevant or scandalous to plead, in substance, the provisions of the statute providing for a penalty for failure to pay such tax.

We conclude that the order appealed from should be affirmed upon the ground that the matter which it is sought to strike out of the third paragraph of the answer was not, under the circumstances, irrelevant and scandalous. But, as the order appealed from is not sustained upon the ground on which it was made, the order should be affirmed without costs of this appeal to either party.

Order affirmed, without costs. All concur.