EDWARD A. CAMPBELL AND NETTIE PEARL CAMPBELL, RESPONDENTS, v. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT.—139 S. W. (2d) 559.

Kansas City Court of Appeals. April 29, 1940.

*Louis V. Stigall* and *Lue C. Lozier* for appellant.

*H. P. Lauf, John O. Bond* and *V. E. Phillips* for respondents.

1114

BLAND, J.—This is a suit in equity, growing out of the procurement, by defendant, of a deed to land owned by plaintiffs.

The petition alleges that the plaintiffs were the owners of certain land in Jackson County, Missouri; that said real estate is located at the southwest intersection of Highways 50 and 35; "that previous to February 21, 1930, agents and representatives of defendant State Highway Commission endeavored to obtain from plaintiffs a deed to said tract of real estate; that plaintiffs refused to execute said deed except upon payment of the fair value of land so to be used for highway purposes; that on or about February 21, 1930, field agents whose names are unknown to plaintiff, threatened plaintiffs to cause to be instituted condemnation proceedings, taking all of the tract hereinbefore mentioned and a part of an adjoining tract owned by plaintiffs, but leaving a small triangular tract of land which could not be utilized for business purposes; that said agents made untruthful statements about having deeds from other property owners and about making improvements and about other property owners making improvements on the various corners of said intersection and by means of deception and promises with respect to the manner in which the tract so desired was to be used and improved, obtained from plaintiffs a deed to said property, reciting the consideration of $1, but which consideration of $1 was never paid, which deed is of record in the Recorder's office in Jackson County, Missouri, at Independence in Book 556, at page 496.

"Plaintiffs further state that said deed was obtained from them by threats, deception and fraud, and by reason of promises concerning improvements and construction which defendant failed to carry out."

The petition further alleges that the reasonable value of said premises was the sum of $2500 and that amount would have been awarded to plaintiffs if defendant had taken the land by condemnation proceedings.

The petition prays that defendant be required to reconvey the real estate, or, be required to institute condemnation proceedings to determine the fair value of the real estate, or, that the court direct a trail be had so as to ascertain the reasonable value of the real estate in the event the court should find plaintiffs are not entitled to the other relief asked. The petition also prays for general relief.

Defendant filed a motion to make the petition more definite and certain. The motion is quite long and it is not necessary to set it out in detail. It is sufficient to say that defendant asks that plaintiffs be required to plead the facts in reference to untruthful statements of the field agents of defendant, . . . "about having deeds from other property owners;" and about defendant and other property owners "making improvements," and what the deception consisted of as to the manner in which the land covered by the deed was to be used and improved by the defendant; "that, except for the alleged

threat to cause to be instituted a condemnation proceeding, the threats whereby it is alleged defendant obtained plaintiffs' deed, are not specified or set out."

The court overruled the motion to make more definite and certain, defendant refused to plead further and the Chancellor proceeded with the trial of the case. Defendant did not participate in the trial, although it appears that its attorney was present. At the conclusion of the trial the court, on February 18, 1938, rendered a decree in favor of plaintiffs. On the same day defendant filed its motion to set aside the judgment and for a new trial, complaining that the court erred in overruling defendant's motion to make the petition more definite and certain and, also, complaining that plaintiffs' own evidence "only tended to show that the agents of plaintiff (defendant) threatened to cause to be instituted legal and lawful condemnation proceedings" to take other and different lands owned by the plaintiffs in the event the plaintiffs did not execute the deed involved in this proceeding, "which threats are not sufficient in law to authorize the setting aside of said deed or a judgment for money, and for the reason that plaintiffs offered no evidence whatsoever of the untruthful statements, deception, promises, fraud or misrepresentations alleged in plaintiffs' said amended petition to have been made by the agents of defendant."

On the 19th day of March, 1938, the court overruled defendant's motion to set aside the judgment and for a new trial. On the same day defendant filed its "Motion to Modify Judgment" and, in this motion, defendant asked that the court strike out the following recitations in the judgment: "(1) by means of promises and incorrect statements and by holding out to plaintiffs that certain improvements would be made. (2) in excess of the quantity required by defendants.

"And for grounds of this motion defendant states that the recitals sought to be stricken are erroneous and untrue statements of facts not justified nor sustained by the plaintiffs' evidence upon which the judgment is based; that as shown by the term bill of exceptions filed by the defendant in this cause, plaintiff offered no evidence whatsoever of promises and incorrect statements or of defendant holding out to plaintiffs that certain improvements would be made or that the other lands of plaintiff, which plaintiffs testified defendant threatened to condemn was in excess of the quantity required by defendant."

On the 13th day of April, 1938, the motion to modify judgment was sustained in part and overruled in part, being sustained as to the first ground and overruled as to the second. An amended decree was then entered finding:

"That certain agents and representatives of defendant, State Highway Commission, by threatening to condemn certain lands of plaintiffs in excess of the quantity required by defendant, obtained from plaintiffs, without consideration therefor and without paying just com-

pensation to plaintiffs for the real estate so attempted to be conveyed, a purported deed to said tract of real estate; that plaintiffs are entitled to have the real estate so described in said deed reconveyed to them to remove cloud from their title to said real estate or entitled to have just compensation for said real estate if appropriated by the defendant for highway purposes, and the court finds that the reasonable value of said real estate, together with the use thereof since February 21, 1930, is $1800.

"THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant State Highway Commission reconvey the real estate herein described to plaintiffs in order to remove cloud from plaintiffs' title or in the event such real estate is necessary for highway purposes that defendant institute its condemnation proceeding against plaintiffs for the condemnation of said land as required by statutes made and provided, or pay to plaintiffs the sum of $1800 representing the reasonable value of said property and the use thereof since February 21, 1930."

Defendant was given 60 days in the decree to elect as to which of the three above alternatives it would choose.

Thereafter, on May 13, 1938, defendant filed its "Motion to set aside judgment and have a new trial." (1) On the ground that on account of the indefiniteness of the petition, defendant was unable to answer the petition, and (2) that the only evidence plaintiffs adduced in support of their petition was the threat of defendant to cause to be instituted legal and lawful condemnation proceedings and to take other lands, which threats were not sufficient to authorize the setting aside of the deed; that the court erred in finding, as a fact, that defendant did so threaten to condemn certain lands of plaintiffs "in excess of the quantity required by defendant," and in overruling defendant's motion to modify the judgment on the 18th day of February 1938, by striking out the words in said judgment "in excess of the quantity required by defendant."

Defendant's motion to set aside judgment and have a new trial was overruled. Defendant has appealed.

The sole question raised on appeal is whether the court erred in overruling defendant's motion to make the petition more definite and certain.

Plaintiffs contend that the defendant cannot raise this point for the reason that, after the trial defendant filed its bill of exceptions and various motions, in which motions defendant, not only complained of the action of the court in overruling its motion to make plaintiffs' petition more definite and certain, but sought a new trial on the ground that there was no evidence to support the matter pleaded in the petition, except that relating to the threat of defendant and its agents to institute condemnation proceedings to take more of

plaintiffs' land than defendant sought to receive by the procurement of the deed in question.

It is well settled that where defendant's motion to make more definite and certain is overruled and it appears and goes to trial, the motion is waived. [State ex rel. v. Trimble, 322 Mo. 318; Houts, Missouri Pleading and Practice, p. 267.] However, we think this rule has no application to the participation in the proceedings by the defendant after the case is tried and judgment is rendered.

"It has been held and is the rule that faults in a petition except the cardinal one of stating no cause of action and lack of jurisdiction, are waived whenever in the evolution of a lawsuit, the case once advances to the stage of joinder of issue on the facts pleaded. Such joinder, in effect, is a challenge on the facts alone and is a notice that defendant accepts the guage of battle on the facts, so presented in the petition, and accepts the chances of a trial on such issue." [Kuether v. Kansas City Light & Power Co., 220 Mo. App. 452, 455.] Where a party pursues a course of conduct in the trial of a case, which is only consistent with the thought that such a defect in the petition does not exist, then, he cannot, thereafter, claim that it does and the matter is waived. [Althoff Mfg. Co. v. Althoff et al. (Colo.), 123 Pac. 326, 328.] The action of the party must be such as to imply the intention to overlook the defect. [Sheridan v. Tucker, 122 N. Y. Supp. 800, 802.]

It is unusual for a defendant, after his motion to make the petition more specific is overruled and he refuses to participate at the trial, to re-enter the proceedings after judgment, by filing a motion for a new trial based upon the contention that there was no support in the testimony of the issue upon which the judgment, in part, was founded, such as was done in the case at bar. It was unnecessary for defendant to have done so in order to preserve his point. However, we do not think that defendant's conduct in this case in so doing implies an intention to waive the motion to make more specific. There was no joinder of issue upon the facts pleaded in the petition. Defendant did not participate in the trial. It did not accept the chances of a trial on the issues sought to be raised by the petition. Defendant was perfectly consistent in saying to plaintiffs, in effect, I objected to the battle being waged by you with masked batteries and withdrew from the contest, but after you have fired your guns, I still want to insist that your shots missed the mark, but if I am overruled as to the latter, I still contend that the battle was an unfair one.

It was perfectly consistent with its position that the petition was defective for defendant, after the judgment was rendered, to point out to the court that, in plaintiffs' effort to establish the allegations of the petition, defectively set forth therein, they failed. Therefore, we do not think that there was any waiver of defendant's motion to make more definite and certain.

Defendant's brief admits that the allegations made in the petition that defendant's agents threatened to condemn an excess amount of plaintiff's land, is an allegation "definite and specific and could be met by appellant either by demurrer or answer." However, defendant says that later in the petition there is an allegation that the deed in question "was obtained from them (plaintiffs) by threats, deception and fraud," but it is not stated the kind or character of threat, deception or fraud used.

The petition must be read as a whole and it may be that the general allegation that the deed was obtained by threats, deception and fraud, has reference to the threats, deception and fraud theretofore mentioned in the petition. [Anderson v. Drainage & Levy Distr., 309 Mo. 189, 203; Dritt v. Snodgrass et al., 66 Mo. 286; 49 C. J., p. 119.] On this point we need express no opinion in view of our disposition of the case.

Defendant, however, insists that the court erred in overruling its motion to make the petition more definite and certain on grounds set forth in the motion other than those aimed at that part of the petition alleging threats. We think this contention must be sustained. There is no allegation in the petition as to what were the representations made by defendant's agents as to "making improvements" by defendant, or whether such representations related to present or future improvements. Representations or promises to be performed in the future are not ordinarily actionable. [Reed v. Cooke, 331 Mo. 507.] The reference to promises with respect to future improvements on the tract to be acquired by defendant seems to relate to other improvements than those previously mentioned in the pleadings as general improvements not restricted by the language of the petition to improvements on the tract being acquired. There also should have been some general description of the improvements so that defendant could know as to what improvements it was charged as having misrepresented. The allegation in reference to representations as to defendant having deeds from other property owners, is nearly as general as the allegations as to representations as to improvements. There is no hint in the petition as to where the property covered by these deeds was located or who made them. While the trial court is endowed with a discretion in passing on these motions (Ozark Fruit Growers Assn. v. Sullinger et al., 45 S. W. (2d) 887; Sartin v. Springfield Hospital Assn., 195 S. W. 1037), we think the discretion, in this instance was arbitrarily exercised. [Sec. 785, R. S. 1929; Stonemets et al. v. Head, 248 Mo. 243, 252, 253; School Distr. No. e, et al. v. Oellien, 209 Mo. 464; Sommers v. St. Louis Transit Co., 108 Mo. App. 319; Ruebsam v. St. Louis Transit Co., 108 Mo. App. 437; Leete v. St. Bank of St. Louis, 141 Mo. 574.]

We have confined our ruling to the points raised and are not to be understood as approving the petition in any respect.

The judgment is reversed and the cause remanded. All concur.