MICHAEL H. CASHMAN, Respondent, v. HUGH M. REYNOLDS and BRIDGET M. REYNOLDS, Appellants.

*It seems* a defendant is not entitled, as matter of right, to serve both an answer and a demurrer to the same cause of action.

*It seems,* also, that where a defendant has, by mistake, served a demurrer instead of an answer, he may, on application to the court, be permitted to substitute an answer; but such a change may not be made as matter of right.

The provision of the Code of Civil Procedure (§ 542) allowing an amendment of a pleading, as of course, within twenty days after service, does not authorize a defendant who has demurred to the complaint, under pretense of an amendment, to change the issue of law thus presented to one of fact by serving an answer; such a change is not an amendment within the meaning of said provision.

Where, therefore, after service of a demurrer to a complaint, plaintiff's attorney declined to accept an answer served as an amendment, and where the Special Term denied a motion to compel such an acceptance on the ground of lack of power, *held,* no error.

Also *held,* that an order of affirmance by the General Term, as it decided a question of power in the courts below, was reviewable here.

Reported below, 56 Hun, 333.

(Submitted June 17, 1890; decided October 7, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made at the February term 1890, which affirmed an order of Special Term denying a motion to compel the acceptance of service of an alleged amended answer in the above-entitled action.

The facts, so far as material, are stated in the opinion.

*Kenneson, Crain & Alling* for appellants.. The order of the General Term is appealable to this court. (*Tilton* v. *Beecher,* 59 N. Y. 176 ; *E. L. I. Society* v. *Stevens,* 63 id. 341 ; *Hewlett* v. *Wood,* 67 id. 394 ; *Marvin* v. *Marvin,* 78 id. 541 ; *Brown* v. *Brown,* 58 id. 609.) The court below should have reversed the order and ordered plaintiffs to accept the answer. (Laws of 1848, chap. 379 ; *Bleecker* v. *Bellinger,* 11 Wend. 179 ; *Farrand* v. *Herbeson,* 3 Duer, 655 ; Laws of 1849, chap. 438 ; Code. Civ. Pro. § 542 ; *Diamond* v. *W. Ins. Co.,* 4 Daly, 494 ; *Saxby* v. *Kirkus,* Sayer, 117 ; Graham's Pr. [1st ed.] 533 ; *Robinson* v. *Bayley,* 1 Burr. 316 ; *Giddins* v. *Giddins,* Tr. 29, 30 ; 1 Ken. 335 ; *Partridge* v. *Court,* 5 Price, 412 ;. *Abercrombie* v. *Parkhurst,* 2 B. & P. 480 ; *Carr* v. *Hinchliff,* 4 B. & C. 547 ; *Hensworth* v. *Fowkes,* 1 N. & M. 321 ;. *Cholmly* v. *Paxton,* 3 Bing. 1 ; ·*Blake* v. *Foster,* 8 D. & E. 487 ; *Hallett* v. *Holmes,* 18 Johns. 28 ;. *People* v. *Tilton,* 13· Wend. 597 ; *Robinson* v. *Rayley,* 1 Burr. 316 ; *Sackett* v. *Thompson,* 2 Johns. 207 ; *Heneshoff* v. *Miller,* 2 id. 294 ;. *Trinder* v. *Durant,* 5 Wend. 72 ; *Maynard* v. *Hopkins,* Say, 46 ; *Robertson* v. *Robertson,* 9 Daly, 44 ; *Frank* v. *Bush,* 2· Civ. Pro. Rep. 250 ; *People* v. *Whitwell,* 62 How. Pr. 383 ;. *Carpenter* v. *Adams,* 34 Hun,. 429 ; *Betts* v. *Krundell,* 13· Civ. Pro. Rep. 157 ;. *Hoyt* v. *Shelp,* 20 Abb. [N. C.] 10 ;. *Bronn* v. *Leigh,* 49 N. Y. 78.)

*Townsend Wandell* for respondent. An answer and a demurrer are distinct pleadings, bearing no resemblance to· each other, performing different functions and raising distinct classes of issues. (Code Civ. Pro. §§ 487, 488, 492, 498, 500, 542.) A defendant has no right, as of course, under section 542 or any other provision of the Code of Civil Procedure to withdraw a demurrer and substitute an answer as an amended pleading. (*Smith* v. *Laird,* 44 Hun, 530 ; *Wise* v. *Gessner,* 47 id. 306.)

O'BRIEN, J. The defendants in this case sought, as matter of right, to amend a demurrer which raised an issue of law by the service of an answer which, if allowable, changed the issue·

into one of fact. The plaintiff refused to receive the answer served as amendment to a demurrer, and then the defendants invoked the powers of the court to compel him to do so. The court held that it had no power to force this practice upon the plaintiff, and the General Term is of the same opinion.

As the order decided a question of power in the courts below, it is reviewable here. The amended complaint stated a cause of action against the defendants for the foreclosure of a mortgage, and on the last day that the defendants could plead to it they served a joint demurrer specifying, as the defect appearing on the face of the complaint, that causes of action had been improperly united. The plaintiff then gave notice of a motion for judgment on the ground that the demurrer was frivolous, to be heard January 6, 1890. Before this motion could be heard, and on January 3, 1890, the defendants served a verified answer, accompanied with a notice that the same was a substitute for and amendment of the demurrer, and that the defendants claimed the right to serve it pursuant to section 542 of the Code of Civil Procedure. Whereupon the plaintiff's attorney returned it, specifying as the reasons, that as an answer it was served too late, and that as an amendment to the demurrer the defendants had no right to serve it under section 542 of the Code. The defendants' attorney then gave notice of a motion that the court, by order, compel the plaintiff's attorney to receive the answer as properly served in the case. The result of this motion has already been stated.

We have examined the elaborate brief submitted by the defendants' counsel in support of this appeal calling our attention to the ancient practice in regard to amendments of pleadings, the usages of parliamentary bodies as to amendments generally, and the more recent and it may be added somewhat conflicting decisions of the courts in the first and second judicial departments in regard to this question. But we are satisfied that the practice which we are asked to sanction is not authorized by the statute, and that the order of the courts below was right.

When a complaint is served, the defendant has twenty days in which to determine whether he has any defense to the cause of action therein stated, and if he has no defense there is no occasion for any pleading on his part. If he has a defense and it arises out of facts not disclosed by the complaint, he can present these facts to the court by the service of an answer, or if the defense is upon the law, conceding all the facts stated in the complaint to be true, he can present that question to the court by the service of a demurrer. Both the answer and the demurrer are included in the general term "pleadings," as used in the Code of Civil Procedure; but the office of the one is entirely different and distinct from the other.

The answer raises an issue of fact to be determined by proofs upon a trial for that purpose, while the demurrer, conceding all the facts alleged in the complaint, raises an issue of law to be determined by the court, and, as the word itself implies, when a demurrer is served, all other proceedings in the cause stop until the question of law raised thereon is decided. The defendant may, within the proper time, present his defense, whether it arises upon the facts or the law by the use of either one or the other of these pleadings, but he cannot, as matter of right, be entitled to serve both, as a defense to the same cause of action.

By section 542, whichever form of pleading he concludes is necessary to present his defense may be amended by him, of course, within twenty days after its service has been made. If it be an answer, the facts may be stated in another way, or other facts added, or some of those first stated omitted entirely. If it be a demurrer, its form may be changed or other additional grounds may be alleged. But an issue of law cannot be changed by an amendment, of course, to an issue of fact, nor can the latter be by such process converted into an issue of law. When the party demurs, he elects to admit the facts stated by his adversary, and to rest his case upon the law arising upon these facts, which he claims by the demurrer is in his favor. Hence the defendants in this case could have amended their demurrer within the twenty days by the service of another

demurrer so changed as to meet the requirements of the case. But they could not amend a demurrer, presenting only a question of law, by serving an answer presenting a question of fact. Such a change of position by the pleader is not, in any just sense, and certainly not within the meaning of section 542, an amendment at all, but an entire change of the line of defense from the law to the facts, and is not permitted by either the letter or the spirit of the Code of Civil Procedure.

When a party has made a mistake by serving a demurrer when he should have served an answer, he can be relieved from the consequences of his mistake by an application to the court, and in that way permitted to substitute an answer for a demurrer, or *vice versa;* but such a change cannot be made as matter of right. The court may allow it to be done when satisfied that justice requires it and upon such terms as it may consider just.

The cases of *Wise* v. *Gessner* (47 Hun, 306) and *Smith* v. *Laird* (44 id. 530) were correctly decided.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.