(26 Misc. Rep. 268.)

RODKINSON v. GANTZ.

(Supreme Court, Special Term, New York County. February 2, 1899.)

PLEADING—LEAVE TO ANSWER AFTER DEMURRER—AMENDMENT.

Under Code Civ. Proc. § 497, which provides that, on overruling a demurrer to the complaint, the court may allow the party to plead anew, a defendant who is granted leave to plead anew, and files an answer, may amend such answer within 20 days, as provided by section 542.

Action by Michael L. Rodkinson against Joseph Gantz. Defendant moves that his amended answer stand as the answer in the case. Motion granted.

Rudolph Marks, for plaintiff.
Wilcox & Brodek, for defendant.

SCOTT, J. The defendant demurred to the complaint. His demurrer was overruled, with leave to plead anew on payment of costs. He paid the costs and served an answer. Within 20 days thereafter he served an amended answer, which was promptly returned by the plaintiff, on the ground that it was "not authorized by law, as section 542 of the Code of Civil Procedure authorizes amendment of causes only in the regular order of pleading." Defendant now moves that the amended answer stand as the answer in the case.

The plaintiff misapprehends the scheme of pleading prescribed by the Code of Civil Procedure. When a complaint has been served, the defendant has open before him two lines of defense, from which he must make a choice. He may demur, and thus raise only issues of law, or he may answer, and thus raise issues of fact. He cannot both answer and demur to the same cause of action, and, having made his election, he must stand by it, unless relieved by the court; for, even under the broad power of amendment given by section 542, he cannot, as matter of right, substitute an answer for a demurrer, or a demurrer for an answer. Cashman v. Reynolds, 123 N. Y. 138, 25 N. E. 162. In the present case the defendant elected to present an issue of law, and served a demurrer. Upon this issue he was beaten, and the action was decided adversely to him. This would have been an end of the case, had it not been for the exercise by the court of the power conferred by section 497, which provides that, upon the decision of a demurrer, the court may, in its discretion, allow the party in fault to plead anew, or amend upon such terms as are just. It is important to observe just what the court may permit to be done by a party who has elected to defend, by means of a demurrer, and whose pleading has been overruled. He may "plead anew"; that is, he may go back to the beginning, and adopt that line of defense which involves tendering an issue of fact, and is evidenced by the service of an answer. Having obtained that permission, and complied with the terms prescribed as a condition, the defendant started along his second line of defense precisely as if he had selected it in the first instance, and with the same rights he would have had if his first pleading had been an answer. The demurrer was out of the case, and the position of the parties towards each other was as if no demurrer had ever been interposed. Wheelock v. Lee, 74 N. Y. 495.

The defendant, being in the position described, and having pleaded anew by serving an answer, was entitled to avail himself of the right conferred by section 542 of serving an amended answer within 20 days after the service of his original answer. His motion must, therefore, be granted, with $10 costs.