## SCHLESINGER v. THALMESSINGER.

### (City Court of New York, Special Term. February, 1905.)

COUNTERCLAIM—PLEADING—ANSWER.

> Code Civ. Proc. § 500, declares that an answer must contain a general or specific denial of every material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, and a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition. Section 490 declares that a demurrer to the complaint, except on the grounds specified in the first, second, fourth and eighth subdivisions of the preceding section must point out specifically the particular defect relied on. *Held* that, though plaintiff was entitled to demur to a counterclaim on the ground that it did not state facts sufficient to constitute a cause of action, an answer to the counterclaim in such language was improper.

Action by Leo Schlesinger, as receiver of the Federal Bank of New York, against Meyer Thalmessinger. On demurrer to plaintiff's first defense to defendant's counterclaim. Sustained.

Kneeland, LaFetra & Glaze, for plaintiff.

R. L. Pritchard, for defendant.

SEABURY, J. The defendant demurs to the plaintiff's alleged first defense to the defendant's counterclaim, on the ground that it does not state facts sufficient to constitute a defense to said counterclaim, and that it is insufficient in law upon the face thereof. The alleged defense set up in the reply which is demurred to is as follows: "That said counterclaim does not state facts sufficient to constitute a cause of action."

The matter alleged in the defense demurred to would be good if properly pleaded as a demurrer. The plaintiff, however, claims that in fact it is a demurrer, and that he may properly set up this ground of demurrer in his answer. The alleged defense does not state any facts, but is a mere conclusion of law. While such a conclusion can properly be set up in a demurrer, there is no sanction for its existence in an answer. Code Civ. Proc. §§ 490 and 500. Since the adoption of the Code, parties must find their authority for pleading in the Code, and,

if such authority does not exist, the pleading is unauthorized. Under our procedure the function of an answer and of a demurrer are different, and one pleading cannot be made to perform the offices of both. An answer or a reply to a counterclaim must contain a denial or new matter by way of defense. Neither can be made to serve the additional and different purposes of a demurrer. An answer or reply to a counterclaim raises an issue of fact, while a demurrer raises an issue of law.

It is settled in this state that a defendant cannot serve both an answer and a demurrer as separate pleadings (Cashman v. Reynolds, 123 N. Y. 138, 25 N. E. 162), and there is no reason or authority which permits him to serve both an answer and a demurrer in the same pleading. It is true that under the Codes and practice acts of some of the states a different rule prevails. Thus in Pennsylvania a demurrer cannot be filed as a separate pleading, but must be embodied in the answer. Mooney v. Snyder, 6 Northam. Law Rep. 349. And in West Virginia a demurrer may be incorporated in the answer. Cook v. Dorsey, 38 W. Va. 196, 18 S. E. 468. But no such rule exists under our system of pleading in this state. In Wisconsin, where a statute similar to our Code provision exists, it has been held that there is no such pleading as a "demurrer by way of answer." Smith v. Kibling, 97 Wis. 205, 72 N. W. 869. While the precise point now presented was not considered in Cashman v. Reynolds, supra, the reasoning of the court in that case is conclusive in favor of the present demurrer. In that case Judge O'Brien said:

"Both the answer and the demurrer are included in the general term 'pleadings,' as used in the Code of Civil Procedure; but the office of the one is entirely different and distinct from the other. The answer raises an issue of fact, to be determined by proofs upon a trial for that purpose; while the demurrer, conceding all the facts alleged in the complaint, raises an issue of law to be determined by the court, and, as the word itself implies, where a demurrer is served, all other proceedings in the cause stop until the question of law raised thereon is determined. The defendant may, within the proper time, present his defense, whether it arises upon the facts or the law, by the use of either one or the other of these pleadings; but he cannot, as matter of right, be entitled to serve both as a defense to the same cause of action."

It follows that the demurrer to the alleged defense set forth in the reply should be sustained, with costs.