ing that this salesman held any official relation to the affairs of the corporation, or had any authority to represent it in any discretionary matters. He was certainly not a "managing agent" of the corporation, and it was error to hold such a service to confer jurisdiction upon the Municipal Court.

The judgment appealed from should be reversed. All concur.

CROTTY v. ERIE R. CO.

(Supreme Court. Appellate Division, Second Department. February 23, 1912.)

1. PLEADING (§ 34*)—CONSTRUCTION.
Facts which may by fair intendment be implied from the express allegations of pleadings must be taken as alleged.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

2. MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—TERMINATION.
Where a contract of employment provided that plaintiff would not be suspended, except pending investigation, nor discharged without a hearing, during which he might produce witnesses, and that, when found blameless, he would receive full pay for the time lost, the employment would continue until plaintiff was found at fault, after a full investigation and hearing.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

3. MASTER AND SERVANT (§ 37*)—WRONGFUL DISCHARGE—ACTIONS—DEFENSES.
Where an employment contract required an investigation and hearing before plaintiff's suspension or discharge, and provided that "when found blameless he should receive full pay for time lost," plaintiff was not bound to show that he was "found blameless" in order to recover damages for his wrongful discharge, even if the quoted provision applied to a discharge, where he was not given a hearing as required.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 43; Dec. Dig. § 37.*]

4. MASTER AND SERVANT (§ 39*)—WRONGFUL DISCHARGE—ACTION FOR DAMAGES—ALLEGATIONS OF COMPLAINT.
Allegations of the complaint, in an action for an employé's wrongful discharge without a hearing, as required by his contract of employment, that "pursuant to such agreement" he entered defendant's employment, and continued therein up to his discharge, sufficiently alleged plaintiff's performance of his contract; he not being required to negative any claimed fault by himself.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 45; Dec. Dig. § 39.*]

5. ACTION (§ 38*)—DISTINCT CAUSES OF ACTION.
Causes of action for wages earned under an employment contract and for damages for wrongful breach of the contract are entirely distinct.
[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

6. PLEADING (§ 339*)—ANSWER AFTER DEMURRER—RIGHT.
Defendant could not withdraw its demurrer to the complaint for not stating a cause of action, and answer as a matter of right.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1033–1045; Dec. Dig. § 339.*]

Appeal from Special Term, Orange County.

Action by Michael J. Crotty against the Erie Railroad Company. From an order denying plaintiff's motion for a judgment on the pleadings, he appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

John C. Robinson, for appellant.
John Bright, for respondent.

BURR, J. Defendant demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. Plaintiff moved for judgment on the pleadings, and from an order denying such motion appeals.

[1] The question presented is as to the sufficiency of the complaint, construing its allegations liberally, with a view to substantial justice between the parties, and considering, not only the express allegations therein, but such facts as may be implied therefrom by reasonable and fair intendment. Code Civ. Proc. § 519; Marie v. Garrison, 83 N. Y. 14. The action is for damages for breach of a contract of employment. The complaint alleges that prior to March 17, 1909, plaintiff and defendant entered into an agreement by which defendant hired and employed plaintiff, and plaintiff agreed to work for defendant, as a yardman in the capacity of yard conductor at defendant's railroad yards at an agreed compensation of $3 per day. It further alleges that in pursuance of said agreement plaintiff entered the employ of defendant, and continued in its employ to March 17, 1909, on which day he was discharged.

[2] If the contract of employment contained no terms or provisions other than those above specified, defendant must succeed; for, where such contract is not for a specified term, it may be terminated at the will of either of the contracting parties. Wood on Master and Servant (2d Ed.) 159; Martin v. New York Life Insurance Co., 148 N. Y. 117, 42 N. E. 416; Williamson v. Taylor, 48 Eng. Com. Law Rep. (5 Q. B.) 175. But the complaint contains this further allegation:

"That in and by the terms of said employment it was provided that plaintiff, as such yardman, would not be suspended (except suspension pending investigation), discharged, or have record entered against him without a hearing and full investigation, which would be given promptly; that he might have present, during such investigation, any actual witnesses of the occurrence under investigation, except discharged employés, and when found blameless, would receive full pay for the time lost."

In effect, therefore, the contract provided that the term of plaintiff's hiring should continue until he had been given a hearing and full investigation, with the right to call "witnesses of the occurrence under investigation." While the subject of the hearing and investigation is not expressly stated, it must relate to some "occurrence." As the only "occurrence" which could properly be the subject of an investigation respecting his continuance in service must be some alleged dereliction in duty, we think that the contract fairly implies that it shall continue until such dereliction is established.

This view is confirmed by the provisions of the contract to the effect that, if found "blameless" after suspension, he shall receive full pay for the time lost. He can be found culpable or blameless only with reference to his own conduct. The complaint alleges that plaintiff was not given a hearing or full investigation, and that he was not afforded the opportunity to present any witnesses in his behalf. The contract was not, therefore, legally terminated by defendant. It is true that the decision of the master after such hearing as to the sufficiency of the charge may be final and conclusive, in the absence of such bad faith as would constitute fraud; but, when the parties have thus agreed, .the servant has a right to insist upon a full investigation, relying upon the fairness and justice of the master.

[3] Respondent contends that, in order to recover for time lost, plaintiff should have alleged that he was found "blameless." It will be observed that the clause requiring a hearing applies alike to suspension· and discharge. It would seem that the agreement to pay for time lost must be limited to that clause of the contract relating to suspension, and not to discharge. The hearing must precede the discharge, since there is no provision therefor after the contract has been terminated. It may follow the suspension. But if the provision that plaintiff should be found "blameless" before claiming compensation could by any possibility be applied to both discharge and suspension, and was a condition precedent to his recovery, defendant has made the performance of this condition impossible by refusing plaintiff a hearing.

[4] Respondent also contends that it was necessary for plaintiff to plead performance on his part of all the conditions of the contract to be kept and performed by him. He does allege that "pursuant to such agreement" he entered the employ of defendant, and continued in its employ up to March 17, 1909. The words "pursuant to such agreement" apply to both. If he entered "pursuant to such agreement," and continued "pursuant to such agreement" to act as yardman, he did all that the contract required him to do. He was not required to negative any claim of dereliction of duty. A complaint equally general has been held sufficient. Williams v. Conners, 53 App. Div. 599, 66 N. Y. Supp. 11. After March 17, 1909, he could not perform all the conditions of his contract, because defendant would not permit him to do so.

[5] This is not an action for wages earned under a contract, but for damages for the breach thereof. These causes of action are distinct and independent. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Allen v. Glen Creamery Co., 101 App. Div. 306, 91 N. Y. Supp. 935; Carlson v. Albert, 117 App. Div. 836, 102 N. Y. Supp. 944. The order cannot be sustained.

[6] Respondent asks that, if the order be reversed, permission be given to it to withdraw its demurrer and answer. We think that respondent should be remitted to the Special Term for such relief as it desires. Having demurred, it could not withdraw the demurrer and answer as matter of right. Cashman v. Reynolds, 123 N. Y. 138, 25 N. E. 162; Smith v. Laird, 44 Hun, 530; Wise v. Gessner, 47

Hun, 306; Kaughran v. Kaughran, 73 App. Div. 150, 76 N. Y. Supp. 754. If it desires as matter of favor to withdraw its demurrer and answer, it would seem reasonable that it should satisfy the court that it has a defense upon the merits. There is nothing before us upon which we can so determine.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.