JAMES E. HARRITY, Appellant, *v.* HENRY STEERS and JAMES RICH STEERS, Respondents.

Second Department, January 7, 1921.

Landlord and tenant — action for services in procuring tenant — complaint alleging production of tenant ready, able and willing to execute lease good against demurrer.

In an action to recover for services in procuring a tenant for the defendant, the complaint, alleging that the plaintiff produced a tenant able, ready and willing to execute a lease, is good against a demurrer, since the allegation may be construed to mean one ready, willing and financially able to perform the lease.

APPEAL by the plaintiff, James E. Harrity, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of October, 1920, granting defendants' motion for judgment on the pleadings.

*John J. Fitzgerald,* for the appellant.

*Wilson B. Brice* [*Charles Thaddeus Terry* with him on the brief], for the respondents.

JENKS, P. J.:

It is *possible* that the contract contemplated services by the plaintiff which were *complete* when he presented a tenant able, ready and willing to execute a lease, irrespective of his financial ability. If so, then the complaint is good against the demurrer.

The rule of strictness against the pleader has been greatly modified. (Code Civ. Proc. § 519; *Kain* v. *Larkin,* 141 N. Y. 144, 150; *Crotty* v. *Erie Railroad Co.,* 149 App. Div. 262; *Coatsworth* v. *Lehigh Valley R. Co.,* 156 N. Y. 457; *Troy Automobile Exchange* v. *Home Ins. Co.,* 221 id. 58.) I think that if we assume that the contract contemplated the financial ability of the proposed tenant to perform the lease, the pleading can be sustained against the demurrer. The word " able " may be construed as relative to the financial power of the tenant. In *Richardson* v. *Bricker* (7 Colo. 58) it is said that the words " when able," " of course the expression must be construed as referring to financial ability." " To execute " may be equipollent to " to perform." " F. *executer;* L. *ex-sequi,* to follow out, follow to the end, perform." (Anderson Law Dict. 429, n.; Rawle's Bouvier Law Dict. " Execute; " Century Dict. " Execute," 3 (b).) It may mean " to fulfil " or " to complete." (*Den* v. *Young,* 12 N. J. Law, 303.) Thus we may paraphrase fairly, one ready, willing and *financially* able to *perform* the lease.

The order is reversed, with ten dollars costs and disbursements, and the motion is denied, without costs.

MILLS, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, without costs.