January 8, 1935.
The opinion of the Court was delivered by
This action, held by the trial Judge to be one in breach of contract, was brought in the Court of common pleas for Hampton County on July 9, 1932. It was alleged, inter alia, that: "The plaintiff for the period of the last six years has been, through his rights and under his agreement, contract and understanding with the defendant, a section foreman of the defendant, and has complied with every rule, regulation and requirement of the defendant company; and has received an average salary of about One Hundred Twenty-five ($125.00) Dollars per month. * * * That on the 12th or 14th day of June, 1932, the defendant, through its executives and officers, willfully, maliciously, fraudulently, recklessly, negligently, and with a total and complete disregard of the contracts, agreements and understandings by and between the plaintiff and the defendant, and by and between the committee of maintenance of way employees on behalf of this plaintiff and others in like circumstances, and the defendant, and in utter disregard of the rights of the plaintiff * * * wrongfully discharged and dismissed plaintiff from the services of the defendant without a hearing, without notice, without cause or excuse, without investigation, and without having the privilege of bringing to the investigation or hearing, if any investigation or hearing was had to assist him, one or more employees of his own selection, and without being given a copy of the proceedings of the investigation or a letter stating the cause of discipline, although the same was requested."
The defendant denied every material allegation of the plaintiff, and alleged that the work performed by him as section foreman was of such poor character that repeated complaints were made thereabouts; that, rather than discharge him, although his services were unsatisfactory, and he was so notified, the defendant on July 15, 1932, "demoted him from section foreman to that of apprentice laborer" at a salary of approximately $75.00 per month; but *Page 102 
that he refused, upon notice of such demotion, to accept the new place, and voluntarily quit the service of the company.
The trial of the case, October, 1933, resulted in a verdict for the plaintiff for $5,000.00. From judgment entered thereon the defendant excepts and brings error.
The exceptions, of which there are fourteen, will be considered in the order in which they appear in the record for appeal. Eight of these charge Judge Shipp with error in refusing to direct a verdict for the defendant upon the grounds:
First. That the only reasonable inference to be drawn from the testimony was that the plaintiff was not discharged, but voluntarily resigned from the service of the company.
We think the Court was correct in refusing to grant the motion on this ground. In addition to plaintiff's own testimony that he was discharged by the company, such inference might properly be drawn from letters written him by the assistant engineer and the roadmaster of defendant. While it is true that the engineer wrote him on June 13, 1932, that "I can offer you position as apprentice on extra gang if you desire same," still he directed him in the same letter "to turn over all company supplies and keys to tool house on this date to Mr. Garrett." Whether this was intended as, or amounted to, a discharge of the plaintiff, was a question for the jury.
Second. "That the evidence shows that the contract of hire between plaintiff and the defendant was for an indefinite term and was, therefore, terminable at the will of either party."
In Johnson v. American Railway Express Company, 163 S.C. 191,161 S.E., 473, 475, where a similar question was involved, it was held that "there is no doubt of the correctness of the general proposition that if an employment is for an indefinite term, and each party may terminate it at his *Page 103 
pleasure, the discharge even without cause will afford the employee no ground of complaint." In that case, however, the plaintiff invoked for his benefit an agreement between the defendant company and its employees represented by the American Federation of Express Workers, Rule 29 which was as follows: "An employee who has been in the service for more than ninety days or whose application has been formerly approved shall not be disciplined or dismissed without investigation, at which investigation he may be represented by an employee of his choice or one representative (as per Rule 84), of an organization of which he may be a member. He may, however, be held out of the service pending such investigation. He shall have at least twenty-four hours advance notice of such investigation, which shall be held within seven days of the date when charged with the offense or held from service. A decision will be rendered within seven days after completion of investigation."
And Rule 37: "If the final decision decrees that charges against the employee were not sustained, the record shall be cleared of the charge; if suspended or dismissed, the employee shall be reinstated and paid for the time lost."
The Court, in considering these clauses of the agreement as affecting defendant's claim that it could terminate the contract, because it was for an indefinite term, at its pleasure, said: "While the term of service of the plaintiff was clearly indefinite, it appears that the clause in the agreement between the union and the express company had the effect of limiting the indefiniteness of the term and the consequent right of the company to discharge an employee, with or without cause, by providing, in effect, that the company could not discharge an employee without cause, at all, and that it could not discharge one with cause until an investigation establishing the alleged charge against him had been formally made after due notice to the employee and an opportunity to appear personally and with a representative. We think that this view is sustained by the further provision *Page 104 
in the agreement that if the charge should not be sustained the employee should be restored to his position."
The Court further observed:
"The question then is to be decided, not upon the issue whether the term was definite or indefinite, but whether an employee who is a member of the union is in a position to enforce the provisions of an agreement entered into between the carrier and the union, to which he was not a party, but which plainly was made for his benefit.
"It has been held by this Court in numerous cases that where a contract is made between two person, and there is in it a provision that ensures to the benefit of a third person not a party to the contract, and perhaps ignorant of its execution, he acquires an enforceable interest in the contract so far as the provision of his interest is concerned."
See, also, Marshall v. Railway Company, 164 S.C. 283,162 S.E., 348, 353.
In the case at bar, a similar agreement between the defendant company and union of employees, "governing the employment and working conditions of employees in the Maintenance of Way Department," was invoked by the plaintiff; certain pertinent provisions thereof being set out in his complaint, Rule 24 reads as follows: "An employee disciplined, or one who considers himself unjustly treated, shall have a fair and impartial hearing, provided written request is presented to his immediate superior within ten (10) days of date of advice or discipline, and the hearing shall be granted within ten (10) days thereafter."
And Rule 29: "If the final decision decrees that charges against employees are not sustained, the employee shall be reinstated and reimbursed for any loss in wages resulting therefrom."
In disposing of this ground of the motion, Judge Shipp said:
"This case differs from the Johnson case and the Marshallcase, in that there is no paragraph in the contract set out in *Page 105 
the complaint, or that has been put in evidence forbidding the railroad to discharge or demote any employee without first having an investigation. Therefore, it differs from those other cases; but yet it is practically the same for it guarantees to every employee who feels himself aggrieved by any act of the railroad company an investigation and a fair trial, at which he has a right to be represented by certain representatives; provided, however, he makes a written demand for such trial or investigation within ten days after the alleged grievance occurs.
"* * * I think they have the right to discharge or to demote him, but they do so subject to his right to have a fair trial upon his demand within ten days."
We think that this agreement, which was undoubtedly made for plaintiff's benefit, was properly construed by the Circuit Judge. While the term of employment was admittedly indefinite, it is clear that any discharge or demotion of the employee by the company would not be complete or final at the time of his discharge or demotion, for the reason that such employee would have the right, under the contract, to a "fair and impartial hearing," if request therefor is made by him in accordance with Rule 24. As indicated in the Johnson case, this conclusion is supported by Rule 37, which provides that, if the charges are not sustained, the employee shall be reinstated and paid for the time lost. A directed verdict, therefore, was properly refused on this ground.
Third. That the evidence shows no written request was presented by plaintiff in accordance with Section 24 of the agreement.
On June 17, 1932, within ten days after Youmans was directed to turn over to Garrett the keys to the tool house, etc., he wrote a letter to the company's assistant engineer, L.W. Funk, and sent a copy of it to C.H. Boring, plaintiff's immediate superior, in which he made the following request: "I want you to investigate why the company is acting *Page 106 
as they have and write me a letter." We think, in the light of all the circumstances, that this was a substantial compliance with Section 24 of the contract. It will be observed that the rule does not require that the request must be in any special form; if it be so worded as to reasonably convey to the mind of the employee's immediate superior that a hearing is requested, that would be sufficient. As we have said, we think so much is made to appear from the facts of this case. Certainly the appellant has no good cause to complain of the action of the trial Judge in the matter.
Fourth. "That even if it be held that plaintiff presented a written request for a hearing in accordance with Paragraph 24 of the rules, the undisputed evidence shows that the defendant offered to give plaintiff such a hearing and the offer was refused."
It will be noted that the agreement provides that the hearing to be given an employee disciplined, or one who considers himself unjustly treated, shall be granted within ten days after written request is presented by him therefor. More than one month after Youmans wrote to L.W. Funk the letter above referred to, and more than ten days after this action was begun, the superintendent of the defendant wrote the plaintiff offering to give him a hearing. Certainly this was not a compliance with the rule; and the plaintiff had the right to treat the failure of his employer to grant a hearing, as provided, as a breach of the contract, and to bring an action for damages. The conclusion might also properly be reached, in view of the long delay, that the company would not have offered to give the plaintiff a hearing at all had not an action been begun. This assignment of error is without merit.
The fifth and sixth exceptions are disposed of by what we have already said. The right of the company to demote or discharge an employee for inefficiency, or for any other cause, is subject to the right of such employee thereafter to *Page 107 
a "fair and impartial" hearing when demanded by him in accordance with Section 24 of the contract.
Seventh. "That the working agreement introduced in evidence and referred to in the complaint was entered into pursuant to the Act of Congress commonly called, `The Railway Labor Act,' and the further agreement setting up a board for the settlement and adjustment of grievances arising out of the first mentioned agreement provides an exclusive remedy for the adjustment thereof under the said Act of Congress."
The trial Judge, in disposing of this ground of the motion, held that, "where no application is made to have this matter referred to the proper board, that does not prevent an employee from bringing a suit at law."
We shall not attempt an analysis of the Railway Labor Act of 1926 (45 U.S.C.A., § 151 et seq.), referred to in appellant's exception. This Act has been considered and construed in a number of federal decisions. In Texas N.O.R. Co. v. Brotherhood of Ry. S.S. Clerks,281 U.S. 548, 50 S.Ct., 427, 431, 74 L.Ed., 1034, decided in 1930, the Supreme Court of the United States, after going into the history of similar legislation, said: "While adhering in the new statute to the policy of providing for the amicable adjustment of labor disputes, and for voluntary submissions to arbitration as opposed to a system of compulsory arbitration, Congress buttressed this policy by creating certain definite legal obligations. The outstanding feature of the Act of 1926 is the provision for an enforceable award in arbitration proceedings. The arbitration is voluntary, but the award pursuant to the arbitration is conclusive upon the parties as to the merits and facts of the controversy submitted."
See, also, Malone v. Gardner (C.C.A.), 62 F.2d 15.
In Marshall v. Railway Co., supra, the late Mr. Justice Cothran, while not agreeing with the majority of the Court on all phases of the case, made the following sound observation, *Page 108 
pertinent here: "Ordinarily where there has been such an agreement between the union and the employer [giving the discharged employee the right to a hearing], and the employer has refused or failed to accord to the employee the right to an investigation, as provided for, and discharges him, the employee would have the right to treat the action of the employer as a breach of the contract of service, and to maintain an action in damages therefor."
Upon full consideration of the question, we are constrained to hold that the trial Judge properly refused to direct a verdict on this ground.
Eighth. "That this being an action for a breach of contract accompanied by a fraudulent act sounding in tort and there being no evidence of any fraudulent act accompanying the breach, there can be no recovery on the contract."
We think that the trial Judge correctly held that this was an action for breach of contract, the words "wilful and wanton," appearing in the complaint, being properly regarded as having no application. As there was no evidence of any acts of fraud, punitive damages were not recoverable; and the jury were so instructed. Under the Court's holding, the defendant received all that it was entitled to, and should not be heard to complain. This also disposes of Exception 9.
The appellant, by its tenth and eleventh exceptions, imputes error to the trial Judge in refusing to charge the jury the defendant's requests that, "in event they found a breach of contract the plaintiff would be limited in his recovery to the time that he lost between the time he was demoted or discharged and the date upon which the defendant offered to give him a hearing," and "that it was the duty of plaintiff to accept the employment that was offered him at the rate of $70.00 per month so as to minimize his damages, and that in no event would he be entitled to more than the difference between the wages he was getting and the wages *Page 109 
he would have gotten if he had accepted the new employment."
The record discloses that, when Judge Shipp, before argument in the case was begun, directed that requests to charge be handed up, counsel for the defendant stated they had none, but had read theirs into the record. This was a failure to comply with Rule 11 of the Circuit Court, and the refusal of the trial Judge to charge the requests as made raises the presumption that he did so, if nothing appears to the contrary, because of such noncompliance. However, there was no error as complained of. When the charge is considered as a whole, it is seen that the jury was fully instructed as to the duty of the plaintiff to minimize his damages, if any.
For the reasons above given, the twelfth exception must also be overruled. Even if the defendant's request had been properly submitted, the refusal of the presiding Judge to charge it would have done no harm, as the subject-matter contained in it was sufficiently covered by the general charge of the Court.
The appellant finally complains, by Exceptions 13 and 14, of error on the part of Judge Shipp in charging the jury that the plaintiff, if discharged or demoted by the defendant, was entitled, upon proper written request by him, to an "investigation or trial," instead of using the words "to a fair and impartial hearing," as provided by Section 24 of the contract; and in charging that, after plaintiff's demotion or discharge, if the company denied him a "fair trial" in accordance with the rule, proper and timely request therefor having been made by the plaintiff, then the act of the defendant would be illegal and it would be liable to him for such actual damages as he sustained.
If there was error as argued, it was harmless. It is true that the Judge referred to the hearing given an employee by the agreement as a hearing, an investigation, or a trial. But we are satisfied that the jury, composed of twelve men of fair understanding and reason, knew that he was referring *Page 110 
to the same proceeding in each instance. In fact, at the close of his charge, when the matter was called to his attention by counsel for the defendant, the Judge made it clear that what he meant by the use of each of these terms was the "fair and impartial hearing" provided by Section 24 of the contract and by the other sections of the agreement set out in plaintiff's complaint. We are unable to see just how the defendant was prejudiced in any way by the charge to which it objects.
The judgment of the Circuit Court is affirmed.
MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C.T. GRAYDON concur.