## MALLEHAN v. TEXAS & P. RY. CO.

### No. 3259.

Court of Civil Appeals of Texas. El Paso.

Oct. 17, 1935.

Rehearing Denied Nov. 14, 1935.

Ernest Guinn and William E. Clayton, both of El Paso, for appellant.

R. S. Shapard and M. E. Clinton, both of Dallas, and Howard & Jackson, of El Paso, for appellee.

HIGGINS, Justice.

This is a suit by Mallehan against the Texas & Pacific Railway Company to recover damages for alleged breach of a contract of employment. Defendant's general demurrer to the petition was sustained. The plaintiff declined to amend and the suit was disposed of upon such demurrer.

The petition is lengthy. The facts alleged and pertinent to the merits of the suit only need be stated.

There is a contract between appellee and the Association of Mechanical Department Employees which, inter alia, provides:

"Rule 36

"Grievances and Discipline

"(a) Should any employe subject to this agreement believe he has been unjustly dealt with, or any of the provisions of this agreement affecting his services have been violated he or a representative of his choosing may take the case to his foreman, and if. by him not satisfactorily adjusted, it may then be appealed in writing within ten (10) days (if at a general repair shop) to the General Foreman and then to the Shop Superintendent; or (if at a division point) to the General Foreman and then to the Division Master Mechanic.

"(b) If the result is still unsatisfactory, the employe shall have the right to appeal in writing to succeeding higher officers of the Company designated to consider appeals, providing appeal is made within fifteen (15) days after date of decision, such appeals may be made by the employe himself, or by such committee of employes as he may select. Should the highest designated official, or his duly authorized representative, and the duly authorized representative of the employe fail to agree the case shall then be jointly submitted in writing to the General Judiciary Committee.

"(c) All notices of appeal must be given to officer appealed from as well as officer appealed to. Appeals from decisions of local officers will be filed by local committees within fifteen .(15) days from date of decision.

"(d) No employe will be disciplined without first being given an investigation, which will be promptly held. Suspension in proper cases pending a hearing, which shall be prompt, shall not be deemed a violation of this rule.

"(e) Prior to the investigation, the employe alleged to be at fault shall be apprised of the charge sufficiently in advance of the time set for investigation to allow reasonable opportunity to secure the presence of necessary witnesses.

"(f) The General Judiciary Committee shall be composed of the Joint Committee representing the employes, and an equal number of representatives appointed by the Management, and will hear and decide all questions properly referred to it. A secretary shall be elected at first meeting of this Committee; who will hold office for one (1) year, or until his successor shall

be elected. He shall maintain accurate records and furnish necessary reports to all concerned. The Committee will be convened by the secretary at request of either party and a chairman will be elected to preside at that meeting. Questions submitted to the Committee will be settled by majority vote. Should the Committee fail to reach an agreement the case may then be handled in accordance with the Railway Labor Act.

"(g) (Unimportant.)

"(h) If after investigation it is found that an employe has been unjustly suspended or dismissed from the service, such employe shall be reinstated with seniority rights unimpaired, and compensated for wage loss, if any, resulting from said suspension or dismissal."

Plaintiff was a car inspector of defendant and one of the class of employes entitled to the benefit of such contract.

On March 19, 1932, plaintiff was wrongfully discharged without a hearing. He appealed, as provided by the contract to his successive superiors, the last appeal being to J. L. Lancaster, the defendant's president. The decisions upon such appeals were all adverse to the plaintiff.

"That said official (referring to Lancaster) accepted such appeal and without further hearing sustained the decision of the other officials and plaintiff in due and proper manner and time advised him of his dissatisfaction with such decision, and of his desire to appeal therefrom and for further hearing and asked that his case be heard by the general judiciary committee all in accordance with the terms of said agreement aforesaid; that all such appeals aforesaid were duly perfected in accordance with the terms of said agreement and said officials accepted and passed upon such appeals and all other and further compliance with the terms of said agreement relative to making such appeals, if any, other than that done by plaintiff were waived thereby by defendant and otherwise waived by defendant.

"That said agreement aforesaid provided further as follows: (Quoting section f of Rule 36) that said plaintiff in each instance aforesaid in due and proper manner and time advised said company officials so designated of his desire to appeal his case to the final body provided for in said agreement and of his desire for a full and final hearing.

"That plaintiff properly referred said case to the General Judiciary Committee and that defendant had notice and was advised that plaintiff had referred said case to the General Judiciary Committee and further notice than that given by plaintiff was waived by defendant through a denial by defendant of plaintiff's right to take said case before said committee and other wise waived by defendant, and that said defendant after the failure of said plaintiff and the highest officials of said company in charge of hearing said disagreements to agree on such discharge and after it was advised that said case had been referred to the General Judiciary Committee and had knowledge that said case had been referred to the General Judiciary Committee wholly failed and refused in violation of the terms of said agreement to jointly submit such case in writing to the General Judiciary Committee as provided for in said agreement; that plaintiff duly appealed as aforesaid to the highest officials of said company designated by said agreement and advised the highest official to hear such disagreement of his dissatisfaction with his decision and properly referred his case to the General Judiciary Committee and became entitled and demanded a hearing before the final body provided in such agreement for the hearing of such matter and became entitled to and demanded a full and final hearing all in accordance with the terms of said agreement but that in violation of the terms of said agreement plaintiff was not given a hearing before such committee because of defendant's conduct aforesaid and that defendant prevented plaintiff from having a hearing before such committee as aforesaid and that had he received a hearing before such committee and had defendant not violated its agreement as aforesaid and prevented him from having such hearing plaintiff would have been found to have been wrongfully discharged and would have been reinstated and compensated for wage loss resulting from said wrongful dismissal.

"That defendant violated and breached the terms of said agreement set out above by wholly failing and refusing to ever appoint members to said General Judiciary Committee as provided for and required by said agreement and thereby prevented said Committee from operating in this case and from hearing this case and that from the date said contract aforesaid was entered into until this date said defendant has failed and refused to appoint members

to said committee and has thereby prevented said committee from functioning and has thereby prevented plaintiff from having the General Judiciary Committee pass upon his wrongful discharge as required by said agreement, all in violation of said agreement; and that plaintiff demanded that the General Judiciary Committee provided for in said agreement be allowed to pass upon his wrongful discharge, to which he was entitled, but that defendant wholly failed and refused to permit said committee to pass upon said case and wholly failed and refused to jointly submit said question to the General Judiciary Committee and that had said General Judiciary Committee been properly created and had such committee been permitted to pass upon and passed upon said case, plaintiff would have been found by it to have been unjustly dismissed from the service and reinstated with seniority rights unimpaired and compensated for wage loss resulting from said wrongful dismissal and discharge; and that plaintiff properly referred said question and in the only manner possible to said committee as same existed, and defendant was advised and had full knowledge that plaintiff had demanded that the General Judiciary Committee as called for in said agreement pass on his wrongful discharge, and defendant waived any further notice other than that given by plaintiff through its denial that plaintiff had any right to have said committee pass upon his case and otherwise by its conduct, and defendant refused to appoint members to said committee and refused to jointly submit said case to the General Judiciary Committee as provided for in said agreement; and that plaintiff advised an ex-officio member of said committee of his desire that the General Judiciary Committee pass upon his case and that defendant was advised that plaintiff had requested and demanded that his case be passed upon by the General Judiciary Committee, but through its conduct aforesaid prevented said committee from passing on plaintiff's case, all in violation of the terms of said contract and to plaintiff's damage as aforesaid and hereafter stated. * * *

"That said agreement further provided that should the General Judiciary Committee fail to reach an agreement that such case would then be handled in accordance with the Railway Labor Act and that plaintiff after refusal of the defendant company to permit the General Judiciary Committee to consider said matter, and to give him a hearing before such committee as aforesaid, sought to present his case to the Board of Mediation provided for under the Railway Labor Act, but that said body refused to consider his case, because its jurisdiction depended upon a hearing before such General Judiciary Committee and the failure of such committee to agree, and that plaintiff was thereby deprived by defendant of the opportunity and right to take such matter before such body. * * * Plaintiff was discharged without any justification or cause whatsoever, in violation of said agreement above referred to, and that the defendant company wholly failed and refused to give the plaintiff the hearing he was entitled to under said agreement before said discharge, and wholly failed and refused to afford plaintiff the opportunity of presenting his case to the impartial body provided for in said agreement to hear such cases and wholly failed and refused to appoint representatives to said committee and wholly failed and refused to permit the General Judiciary Committee to hear plaintiff's case and wholly failed and refused to jointly submit plaintiff's case to such committee, as aforesaid, all in violation of said agreement aforesaid."

### Opinion.

In support of the ruling appellee cites: Cousins v. Pullman Co. (Tex.Civ.App.) 72 S.W.(2d) 356; Dowling v. Texas & N. O. R. Co. (Tex.Civ.App.) 80 S.W.(2d) 456; Galveston, H. & S. A. Ry. Co. v. Eubanks (Tex.Civ.App.) 42 S.W.(2d) 475; Eubanks v. Galveston, H. & S. A. Ry. Co. (Tex.Com.App.) 59 S.W.(2d) 825; St. Louis, B. & M. Ry. Co. v. Booker (Tex.Civ.App.) 5 S.W.(2d) 856; San Antonio & A. P. Ry. Co. v. Collins (Tex.Com.App.) 61 S.W.(2d) 84; Estelle Undertaking Co. v. Grand Lodge (Tex.Civ.App.) 53 S.W.(2d) 316; Cross Mountain Coal Co. v. Ault, 157 Tenn. 461, 9 S.W.(2d) 692; Caulfield v. Yazoo & M. V. Ry. Co., 170 La. 155, 127 So. 585; Stolz v. Wells (Tex.Civ.App.) 43 S.W.(2d) 163; Panhandle & S. F. Ry. Co. v. Curtis (Tex.Civ.App.) 245 S.W. 781.

St. Louis, B. & M. Ry. Co. v. Booker and Caulfield v. Yazoo & M. V. Ry. Co. support the validity of the contract and the view that for wrongful breach thereof an action for damages will lie in favor of an employe damaged by such breach. See, also, Rentschler v. Missouri Pac. R. Co., 126 Neb. 493, 253 N. W. 694, 695, 95

774

A. L. R. 1. We are in harmony with the rulings in those cases. None of the cases cited by appellee support the ruling here involved.

■ Upon demurrer the facts alleged are, of course, accepted as true. The final tribunals to which, under the contract, appellant had the right to appeal were the General Judiciary Committee, and, in case that committee failed to reach an agreement, then the case might be handled in accordance with the Railway Labor Act (45 USCA § 151 et seq.). If it had been shown such committee had passed upon the case, agreed and ruled against appellant, such action would have been final and conclusive against appellant in the absence of fraud. But the allegations show appellant duly attempted to appeal to the General Judiciary Committee and was prevented from having such committee pass upon his rights, by the wrongful refusal of appellee to jointly submit the case to the committee as the contract required, and by its failure to appoint members to said committee. Under such circumstances the previous adverse decisions by Lancaster and other company officials cannot be considered as final and conclusive against appellant. On the contrary, appellant by such wrongful action was entitled to resort to the courts to enforce his rights, if any, under the contract. 39 C. J. p. 91, § 95, and p. 75, § 66; Crotty v. Erie R. Co., 149 App.Div. 262, 133 N.Y.S. 696; Youmans v. Charleston & W. C. Ry. Co., 175 S.C. 99, 178 S.E. 671; Gilman v. Lamson Co. (C.C.A.) 234 F. 507.

Full consideration has been given to the various propositions submitted in appellee's brief in support of its contention that the adverse ruling of appellee's president Lancaster is final and conclusive against appellant. In our opinion they are without merit, for, as we view the allegations quoted, they show appellant's right to appeal from the adverse ruling of Lancaster to the General Judiciary Committee, of which right he was deprived by appellee's refusal to submit the case to such committee and appoint members of the committee so it could function.

Appellant's third proposition presents a question not, at this time, properly before us for decision.

■ Appellee cross-assigns error to the action of the court in overruling what is designated as pleas to the jurisdiction of the court and in abatement. They raise issues of fact in support of the view that the ruling of Lancaster is final and conclusive.

The court has jurisdiction of the subject-matter and parties. The facts set up in the pleas are in bar of the suit. They present no reason for abatement of the suit upon any jurisdictional or other ground. They present issues of fact, to be determined on the merits.

Reversed and remanded,

WALTHALL, J., not sitting.